**COMPANIA EMBOTELLADORA COCA-COLA, S. A.,**

v.

**The UNITED STATES.**

No. 4907.

United States Court of Claims.

April 3, 1956.

William P. McClure and John E. McClure, Washington, D. C., for plaintiff. Pope F. Brock and John D. Goodloe, Atlanta, Ga., were on the briefs.

David R. Frazer, Detroit, Mich., with whom was Asst. Atty. Gen. H. Brian Holland, for defendant. Andrew D. Sharpe, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, judges.

LITTLETON, Judge.

The plaintiff sues to recover $45,894.-46 representing Federal income taxes and interest paid for the calendar years 1944 and 1945, with interest thereon. The question presented is whether the Cuban production tax paid by plaintiff during 1944 and 1945 was a tax paid in lieu of a foreign income tax within the meaning of section 131(h) of the Internal Revenue Code of 1939, as amended, 26 U.S.C. § 131.

Section 131 provides:

"* * * (h) Credit for taxes in lieu of income, etc., taxes. For the purposes of this section and section 23(c) (1), the term 'income, war-profits, and excess-profits taxes' shall include a tax paid in lieu of a tax upon income, war-profits, or excess-profits otherwise generally imposed by any foreign country or by any possession of the United States. * * *"

If the Cuban production tax paid by plaintiff for 1944 and 1945 was paid in lieu of a foreign income tax within the meaning of section 131(h), plaintiff is entitled under section 131(a) to credit those taxes against the income taxes imposed by the United States. The pertinent part of section 131(a) provides:

"* * * Allowance of credit. If the taxpayer chooses to have the benefits of this section, the tax im-

posed by this chapter, * * * shall be credited with:

"(1) Citizens and domestic corporations. In the case of a citizen of the United States and of a domestic corporation, the amount of any income, war-profits, and excess-profits taxes paid or accrued during the taxable year to any foreign country or to any possession of the United States; * * *."

The plaintiff is a corporation organized on December 16, 1942, under the laws of the State of Delaware. Since its organization plaintiff's business has been that of manufacturing and selling a soft drink beverage in Cuba under the trademark "Coca-Cola."

In 1900, the provisional government of Cuba directed publication of Military Order No. 463, thereby establishing a general profits tax. This was a tax on the profits of corporations and was the first general income tax established in Cuba.

On February 27, 1903, a production tax was enacted which levied a tax on the manufacture, sale, or consumption of certain classes of articles such as alcoholic liquors, tobacco, playing cards, soft drinks and prepared water. This tax was enacted to guarantee payment of a $35,000,000 loan and is known as the Speyer Loan production tax. As a result of the Cuban administrative interpretation, payers of the production tax were not required to pay the profits tax.

In 1927, the profits tax of 1900 was amended and, inter alia, payers of the production tax were specifically exempted from payment of the profits tax. In 1931, the profits tax was revised, the base was broadened to include the profits of individuals and unincorporated concerns, and the rate was made progressive. Also, those companies or persons paying the production tax of 1903 were continued to be specifically exempt from payment of the profits tax for the reason that "they are already taxed." On De-

cember 31, 1941, a surtax of 20 percent was imposed on the profits tax.

On December 31, 1941, the President of Cuba sanctioned Resolution Law No. 1 which imposed an income tax on the net profits of the natural or juridic persons who engaged in the manufacture of liquor, cider, table waters, soft drinks, tobacco and playing cards (payers of the production tax), and on salaries, wages, pensions, dividends, interest, proceeds, and any other kind of personal revenue. On April 5, 1943, the rates with respect to both the profits tax and the income tax were increased and a so-called tax on capital was imposed.

The plaintiff paid the Cuban production tax for the years 1944 and 1945. The plaintiff also paid for those years the Cuban income tax and the so-called tax on capital. In computing the Cuban income taxes for those years, deductions were allowed for the amount of the production taxes paid.

In its United States tax returns for the years 1944 and 1945, plaintiff claimed foreign tax credits under section 131(a) for the Cuban income taxes and so-called taxes on capital, as income taxes paid in a foreign country. Credits were also claimed under section 131(a) for those years for the production taxes, as taxes paid in lieu of foreign income taxes within the meaning of section 131(h).

The Commissioner of Internal Revenue allowed the credits for the Cuban income taxes and so-called taxes on capital,[1] but denied the credits for the production taxes. The Commissioner allowed deductions from income for the production taxes. The Commissioner assessed an income tax deficiency for 1944 in the amount of $26,548.72, plus interest of $3,880.10, or a total of $30,428.82, and for 1945 in the amount of $14,238.95, plus interest of $1,226.69, or a total of $15,465.64. The plaintiff paid these deficiencies and interest in the total amount of $45,894.46 on September 4, 1947.

---

1. The Commissioner of Internal Revenue held this tax to be an income tax for purposes of allowing a foreign tax credit. Rev.Rul. 56–51, I.R.B. No. 8, p. 9.

Timely claims for refund were filed, rejected, and this suit followed.

The defendant concedes that the Cuban profits tax was before and after 1941 an income tax of general application. The defendant further concedes that prior to the promulgation of the 1941 income tax law the payment of the production tax was the payment of a tax in lieu of an income tax within the meaning of section 131(h).

The plaintiff contends that the payment of the production tax continued to be in lieu of the profits tax after 1941. The defendant contends that the 1941 income tax was equivalent to the profits tax and was imposed as a substitute for the profits tax and, therefore, payers of the production tax after 1941, were, in effect, paying the profits tax through the payment of the income tax. We agree with the plaintiff's contention for the reason that the only thing that exempted payers of the production tax from paying the profits tax, which is admitted to be an income tax of general application, is the specific provision in the profits tax law that exempts payers of the production tax from paying the profits tax. If the plaintiff had not paid the production tax, it would have been required to pay the profits tax under the terms of the profits tax law, regardless of whether it paid the income tax.

The defendant's contentions are not supported by the record. The record fails to show that the 1941 income tax was equivalent to the profits tax. The rates of the profits tax were considerably higher than the rates of the income tax. We see no reason in the record to label the income tax as a substitute for the profits tax—it was simply an additional tax imposed on the payers of the production tax and others who were not directly paying an income tax. If the income tax imposed on the payers of the production tax was equivalent to, and intended to be a substitute for, the profits tax, it would appear that in reality payment of the income tax was in lieu of the profits tax, although technically it was not.

The defendant states that since every Cuban taxpayer paid either the income tax or the profits tax and never both, the income tax is paid in lieu of the profits tax. The record does not sustain this contention for the reason that it fails to show that the income tax was paid in lieu of the profits tax. If the 1941 income tax had a specific provision stating that those persons who paid the income tax would not be required to pay the profits tax, it then could be said that payment of the income tax was in lieu of the profits tax because the profits tax would not be required to be paid regardless of whether the production tax was paid. However, there is no such provision in the 1941 Cuban income tax law. The only thing that relieves payers of the production tax from paying the profits tax is the specific exemption as to the profits tax contained in the profits tax law. If the production tax were repealed the payers of the production tax would be required to pay the profits tax under the language of the profits tax law regardless of whether they also paid the income tax, in the absence of some further statutory provision to the contrary. If the income tax were abolished the payers of the production tax would have to continue paying the production tax or they would be required to pay the profits tax.

The fact that plaintiff was allowed a deduction for its production taxes in computing its Cuban income tax does not, of course, affect the allowance of credits for the actual taxes paid. The deduction merely reduces the amount of Cuban income taxes and thus reduces the amount of the credit.

The plaintiff paid the income taxes and the so-called taxes on capital and has been allowed credits for them. The plaintiff paid the production taxes in lieu of the profits tax within the meaning of section 131(h) and should accordingly be allowed credits for those taxes under section 131(a).

The plaintiff is entitled to recover. Judgment is entered for plaintiff in the

amount of $45,894.46, with interest as provided by law.

It is so ordered.

JONES, Chief Judge, and LARA-MORE, MADDEN and WHITAKER, Judges, concur.